1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    TREMAIN L. BARKER,                    Case No. 20-cv-05540-JST

                        Petitioner,
8
                                          **ORDER TO SHOW CAUSE**
9            v.

10   R. NEUSHMID,

11                      Respondent.

12

13          Petitioner, a state prisoner incarcerated at Correctional Training Facility,[1] has filed a *pro se*

14   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from

15   San Mateo County Superior Court.  ECF No. 1 at 1.  Petitioner has paid the filing fee.  ECF No. 4.

16   **I.     BACKGROUND**

17          In 1997, petitioner was convinced by a San Mateo County jury of attempted first-degree

18   murder and attempted second-degree murder (Cal. Pen. Code §§ 187, 664), with enhancements for

19   use of a firearm (Cal. Pen. Code § 12202.5(a)) and being armed with a firearm (Cal. Pen. Code §

20   12202(a)(1)).  ECF No. 1 at 2, 26.  Petitioner was sentenced to a total term of twenty-seven years

21   to life.  ECF No. 1 at 26.

22          Petitioner states that he raised the claims in the instant federal petition in petitions filed

23   with the San Mateo County Superior Court, the California Court of Appeal, and the California

24   Supreme Court, all of which were denied.  ECF No. 1 at 3-4.

25          On or about July 26, 2020, petitioner filed the instant federal habeas petition.[2]

26

27   [1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure,
     the Clerk of the Court is directed to substitute Warden Craig Koenig as Respondent because he is
28   petitioner's current custodian.
     [2] The Court affords petitioner application of the mailbox rule as to the filing of his habeas petition.

United States District Court
Northern District of California

## II.    DISCUSSION

### A.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.    Claim

Petitioner alleges that he is in custody in violation of the Eighth Amendment and the Fourteenth Amendment because California State Prison – Solano unlawfully ceded jurisdiction to the Board of Parole Hearings to determine his eligibility for release.  ECF No. 1 at 7-11.  Liberally construed, this claim appears cognizable under § 2254 and merits an answer from respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

### CONCLUSION

For the foregoing reasons and for good cause shown,

1.    The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address:  SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on petitioner.

2.    Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

---

*Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities).  It appears that petitioner gave his petition to prison authorities for mailing on or about July 26, 2020.  ECF No. 1-1 at 2.

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

3.      Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4.      Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:  November 30, 2020



JON S. TIGAR
United States District Judge